*936 OXUNION.
Maequette:
It appears to be the position of the respondent that: (1) The partnership accounting period is a fiscal year ending May 31; (2) that in any event the partnership, in filing returns on the fiscal year basis, has made an election which is binding upon the petitioners and that they must account for and return the partnership income computed on the basis of a fiscal year. The petitioners deny that the partnership has ever adopted or intended to adopt any accounting period other than the calendar year, and they say that returns for the partnership were made on the fiscal year basis under the erroneous belief that, as they were mere information returns, they should be filed at the end of each twelve months of the partnership life. •
It is our opinion that the position of the petitioners is well taken. The evidence clearly shows that they interpreted the partnership agreement as requiring the partnership books to be kept and its *937 income accounted for and distributed on the basis of the calendar year, and that they have consistently closed the partnership books at December 31 of each year and have computed and reported and paid taxes on the partnership income on that basis. The fiscal year returns of the partnership clearly were made and filed under a mistaken conception of the requirements of the income-tax law. We are satisfied that the partnership accounting period was intended to be and was the calendar year, and that the partnership income has been computed and reported by the petitioners, in their individual returns, on the proper basis, and that the filing of fiscal year returns by the partnership did not, under the circumstances, constitute an election to change to a fiscal year accounting period. Stevens Manufacturing Co., 1 B. T. A. 610. The respondent has cited a number of cases in support of his position, but we do not deem them applicable to the facts herein.

Judgment will be entered under Rule 50.